**KING & SPALDING LLP**
ERIC S. PETTIT (SBN 234657)
  *epettit@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
  *cbessenger@kslaw.com*
JEFFREY M. HAMMER (SBN 264232)
  *jhammer@kslaw.com*
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 443-4355
Fax: (213) 443-4310

Attorneys for Plaintiffs/Counter-Defendants CENTERLINE HOUSING PARTNERSHIP I, L.P. – SERIES 2 and RCHP SLP I L.P. – SERIES 2, and Counter-Defendant ALDEN TORCH FINANCIAL LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CENTERLINE HOUSING PARTNERSHIP I, L.P. – SERIES 2, f/k/a RELATED CAPITAL HOUSING PARTNERSHIP I, L.P. – SERIES 2, a Delaware limited partnership; and RCHP SLP I L.P. – SERIES 2, a Delaware limited partnership,<br><br>         Plaintiffs/Counter-Defendants,<br><br>    v.<br><br>PALM COMMUNITIES, f/k/a PALM DESERT DEVELOPMENT COMPANY, a California corporation; and HOUSING CORPORATION OF AMERICA, a Utah non-profit corporation,<br><br>         Defendants/Counterclaimants,<br><br>    v.<br><br>ALDEN TORCH FINANCIAL, LLC, a Delaware limited liability company,<br><br>         Counter-Defendant. | Case No. 8:21-CV-00107-JVS-JDE<br><br>**PLAINTIFFS/COUNTER-DEFENDANTS' REQUEST FOR HEARING RE: DEFENDANTS/COUNTERCLAIMANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to the Court's procedures, Plaintiffs/Counter-Defendants respectfully request a hearing on Defendants/Counterclaimants' Motion for Partial Summary Judgment to address the Court's tentative determination that the consent of RCHP (the Special Limited Partner) is not required under the LPA for the Partnership to "desire to accept" a bona fide offer to purchase the Property. (*See* Tentative Order Regarding Motion for Summary Judgment ("Tentative Order") at 8-11.)[1]

As set forth in the Tentative Order, the Court "must provisionally receive extrinsic evidence regarding the meaning of the contract" to "determine whether the contract is ambiguous," *i.e.*, "'reasonably susceptible' to different meanings." (*Id.* at 9 (citing *Curry v. Moody*, 40 Cal.App.4th 1547, 1552 (1995)).) If the contractual language "is ambiguous when viewed in light of the extrinsic evidence," and the "extrinsic evidence is in conflict, summary judgment is not appropriate because resolution of the conflicting evidence regarding the meaning of the contract is a question of fact." (*Id.*)

Plaintiffs/Counter-Defendants submitted substantial extrinsic evidence that, at a minimum, raises a triable issue of material fact as to whether Section 5.4A of the LPA is "reasonably susceptible" to the interpretation that RCHP's consent is required to trigger HCA's below-market Right of First Refusal. The Court, however, tentatively concluded that the extrinsic evidence "is not sufficient to raise an issue of material fact as to the meaning [of the] agreement." (*Id.* at 11.) As addressed briefly below and (hopefully) in more detail at the requested hearing, Plaintiffs/Counter-Defendants respectfully submit that the Court reached this tentative conclusion by improperly weighing the extrinsic evidence and making credibility determinations rather than viewing the evidence in a light most favorable to Plaintiffs/Counter-Defendants.

**Prior Negotiations.** Plaintiffs/Counter-Defendants submitted the declaration of Christopher Blake, a Managing Director for ATF. Blake confirmed that Palm and ATF

---

[1] Capitalized terms have the same meaning as in the Tentative Order.

- 1 -

negotiated transactions in connection with other LIHTC partnerships subject to disposition provisions similar to those at issue here—including for a property called Hovley Gardens just last year—yet Palm never claimed during those negotiations that the limited partners could be divested of their interests at the below-market Section 42(i)(7) price. (*See* ECF No. 76-01 (MF 34-36 (citing Blake Declaration)).)

The Court tentatively concluded that "Palm's negotiating position with regards to those separate deals is immaterial here" because the disposition provisions applicable to those partnerships "*presumably* were not identical" to those at issue here. (Tentative Order at 10 (emphasis added).) But the evidence does not support this presumption,[2] and, in any event, on summary judgment "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Construed in a "light most favorable to" Plaintiffs/Counter-Defendants, *Davis v. United States*, 854 F.3d 594, 598 (9th Cir. 2017), the evidence of Palm's prior negotiating position supports the interpretation that RCHP's consent is required to trigger HCA's Right of First Refusal.

**2018 Admission that RCHP Consent Is Required.** Palm employee Erik Halter also admitted in a 2018 written exchange that RCHP's consent *is* required to trigger HCA's Right of First Refusal. (ECF No. 76-01 (MF 23-28).) Rather than credit this direct evidence of Palm's pre-litigation understanding of the relevant terms, however, the Court instead accepted "the General Partners['] argu[ment]"—based on Halter's deposition testimony—that Halter was merely "attempt[ing] to be 'agreeable' as 'part of a negotiation.'" (Tentative Order at 11 (quoting Halter Depo. Tr.).)

By accepting Palm's characterization of its prior admission, the Court impermissibly made a credibility determination regarding Halter's testimony that is

---

[2] Plaintiffs/Counter-Defendants are prepared with the Court's permission to submit evidence that the contracts governing Hovley Gardens were *identical* to those governing the Partnership as to the terms at issue here, and also to present Mr. Blake at the requested hearing to respond directly to any questions from the Court.

prohibited on summary judgment. *See Banks v. Hayward*, 216 F.3d 1082, 1082 (9th Cir. 2000) ("[I]n evaluating a motion for summary judgment, the court may not make credibility determinations or weigh conflicting evidence."); *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988) (reversing summary judgment based on improper credibility determinations) ("[A]t the summary judgment stage of the litigation, 'the judge does not weigh conflicting evidence [or] . . . make credibility determinations with respect to statements made in . . . depositions . . . .'"); *cf. Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997) ("It may be that Norwest's shifting explanations are acceptable when viewed in the context of other surrounding events. However, such weighing of the evidence is for a jury,[3] not a judge.").

**2019 Admission that RCHP Consent Is Required.** Palm's President, Dan Horn, confirmed in an email to HCA in 2019 that RCHP "does have to accept the offer." (ECF No. 76-01 (MF 31).) Significantly, Horn did not include anyone from Alden Torch on this email, and his statement accordingly cannot be explained away as an attempt to be agreeable as part of a negotiation. Rather than view this admission in a light most favorable to Plaintiffs/Counter-Defendants, however, the Court accepted Horn's after-the-fact explanation at his deposition that he "'was mistaken'" and "'was relying on Alden Torch's position as being accurate,'" but that "'after further research'"—*i.e.*, in preparing for this litigation—Horn "'realized that [he] didn't need their permission to desire.'" (Tentative Order at 11 (quoting Horn Depo. Tr.).)

By crediting Horn's *post hoc* explanation over his prior concession, the Court again engaged in a credibility determination that is not permitted on summary judgment. *See Banks*, 216 F.3d at 1082; *McLaughlin*, 849 F.2d at 1208. Moreover, even if Horn's explanation were accepted, it supports the conclusion that Section 5.4A

---

[3] Plaintiffs/Counter-Defendants respectfully note that, although the Tentative Order refers to issues of fact being reserved "for the jury to resolve," (Tentative Order at 7; *see also id.* at 8), neither party has requested a jury trial and the Court has ordered that there will be a bench trial. (*See* ECF No. 27 (Order for Court Trial) at 7.)

*is* ambiguous. Indeed, if the LPA stated clearly that RCHP's consent was not needed to trigger HCA's Right of First Refusal, then Horn—who participated in the drafting of the agreement[4]—would not have accepted that RCHP's consent *was* required, only to later claim he was "mistaken" and change his position based on "further research" after hiring litigation counsel. The LPA, however, does not contain any such language.

Taken together, this body of evidence—which the Court is obligated to construe in Plaintiffs/Counter-Defendants' favor—demonstrates that Section 5.4A is "reasonably susceptible" to Plaintiffs/Counter-Defendants' proffered interpretation of the contractual language. At a minimum, this evidence creates a triable issue of material fact, and Plaintiffs/Counter-Defendants believe that a hearing is necessary to address the evidence in greater detail.

Plaintiffs/Counter-Defendants also submit that a hearing is necessary to address the reasoning supporting the Court's conclusion that the "LPA and Right of First Refusal [Agreement] are not ambiguous." (Tentative Order at 9-10.) The Court's conclusion was premised in part on its understanding that "the Right of First Refusal Agreement only requires that ***the Partner*** 'desire to accept' an offer to purchase the property." (*Id.* at 9 (emphasis added).) The Right of First Refusal Agreement, however, requires that the ***Partnership***, not any one partner, "desire to accept" a bona fide offer. (ECF No. 76-04 at § 5.) This distinction is critical, and Plaintiffs/Counter-Defendants respectfully request an opportunity to discuss Palm's lack of authority to "desire to accept" an offer on behalf of the Partnership without the consent of RCHP (which, along with Centerline, holds a 99.99% ownership stake in the Partnership).

Plaintiffs/Counter-Defendants also respectfully submit that the Court's reliance on *Homeowner's Rehab, Inc. v. Related Corp. V SLP, L.P.*, 479 Mass. 741 (2018), is misplaced. (*See* Tentative Order at 9-10.) In *Homeowner's Rehab*, the special limited

---

[4] Horn's claim that he "mistaken[ly]" relied on the position of Alden Torch despite being a signatory to the LPA who was directly involved in its drafting raises questions about the credibility of his testimony.

partner's consent was required "'*except for a sale pursuant to the Option Agreement*.'" *Homeowner's Rehab, Inc.*, 479 Mass. at 760 (quoting provision).  The fact that "the option agreement [was] specifically excluded from the requirement of consent by the special limited partner" was critical to the state court's decision, *id.* at 761, *but there is no such exclusion here*.  Indeed, because both *Homeowner's Rehab* and this case involve Centerline partnerships with similar partnership agreements, *see id.* at 750 (identifying limited partners and discussing agreements), the *absence* of the exclusion language from the consent provision at issue here strongly suggests that it was deliberately omitted to ensure that the Right of First Refusal Agreement *would be* subject to the consent provision.  *See Blackhawk Corp. v. Gotham Ins. Co.*, 54 Cal.App.4th 1090, 1097 (1997) (finding use of specific "exclusion" language in one clause of contract and omission of "similar language" in second clause indicates parties "knew how to craft appropriate wording" and intended to omit language in second clause); *Escobar v. Mukasey*, No. CV 06-5301 ABC FFMX, 2008 WL 3843829, at *5 (C.D. Cal. Aug. 15, 2008) ("The Court must presume that such an important provision . . . would have been included in the *ABC* agreement had the parties intended Plaintiff to benefit from it.").  Plaintiffs/Counter-Defendants respectfully submit that a hearing is necessary to address these important differences between the contractual provisions at issue in this case and *Homeowner's Rehab*.

    For the foregoing reasons, Plaintiffs/Counter-Defendants respectfully request a hearing on Defendants/Counterclaimants' Motion for Partial Summary Judgment.

DATED: October 5, 2021            KING & SPALDING LLP

                                     By: */s/Eric S. Pettit*
                                       ERIC S. PETTIT
                                 Attorneys for Plaintiffs/Counter-Defendants