**KING & SPALDING LLP**
ERIC S. PETTIT (SBN 234657)
 *epettit@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
 *cbessenger@kslaw.com*
JEFFREY M. HAMMER (SBN 264232)
 *jhammer@kslaw.com*
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 443-4355
Fax: (213) 443-4310

Attorneys for Plaintiffs/Counter-Defendants CENTERLINE HOUSING PARTNERSHIP I, L.P. – SERIES 2 and RCHP SLP I L.P. – SERIES 2, and Counter-Defendant ALDEN TORCH FINANCIAL LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CENTERLINE HOUSING PARTNERSHIP I, L.P. – SERIES 2, f/k/a RELATED CAPITAL HOUSING PARTNERSHIP I, L.P. – SERIES 2, a Delaware limited partnership; and RCHP SLP I L.P. – SERIES 2, a Delaware limited partnership,<br><br>            Plaintiffs/Counter-Defendants,<br><br>    v.<br><br>PALM COMMUNITIES, f/k/a PALM DESERT DEVELOPMENT COMPANY, a California corporation; and HOUSING CORPORATION OF AMERICA, a Utah non-profit corporation,<br><br>            Defendants/Counterclaimants,<br><br>    v.<br><br>ALDEN TORCH FINANCIAL, LLC, a Delaware limited liability company,<br><br>            Counter-Defendant. | Case No. 8:21-CV-00107-JVS-JDE<br><br>**PLAINTIFFS/COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE "AGGREGATOR" EVIDENCE**<br><br>[Declaration of Jeffrey M. Hammer and Exhibits thereto filed concurrently]<br><br>Pre-Trial Conf.:  February 14, 2022<br>Time: 11:00 a.m.<br>Ctrm: 10C<br>Judge: Hon. James V. Selna<br><br>Trial: March 1, 2022 |

**TO THE HONORABLE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that on February 14, 2022 at 11:00 a.m. in Courtroom 10C of the above-entitled Court, located at 411 W. Fourth St., Santa Ana, CA 92701, Plaintiffs/Counter-Defendants Centerline Housing Partnership I, L.P. – Series 2, f/k/a Related Capital Housing Partnership I, L.P. – Series 2 and RCHP SLP I L.P. – Series 2, and Counter-Defendant Alden Torch Financial LLC ("Alden Torch") will, and hereby do, move the Court for an order excluding evidence purporting to disparage Alden Torch for activities that do not relate to this action and/or referring to Alden Torch as a so-called "aggregator," as well as evidence of other litigation in which Alden Torch or its alleged affiliates and/or predecessors are or have been involved. This Motion is made on the grounds that such evidence (1) is irrelevant under Federal Rules of Evidence 401 and 402, and (2) has no or little probative value that is substantially outweighed by the risk of unfair prejudice under Federal Rule of Evidence 403.

    This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jeffrey M. Hammer, all papers and records already on file with the Court, and the arguments of counsel at the hearing. This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 4, 2022. The parties have stipulated that their conference satisfies the meet and confer requirements set forth in Local Rule 7-3 even though it occurred less than seven days before the filing date. (Declaration of Jeffrey M. Hammer, ¶ 4.)

|   |   |   |
|---|---|---|
| 1 | DATED: January 10, 2022 | KING & SPALDING LLP |
| 2 | | ERIC S. PETTIT |
| 3 | | CRAIG H. BESSENGER |
|   | | JEFFREY M. HAMMER |

By: */s/Eric S. Pettit*
      ERIC S. PETTIT
Attorneys for Plaintiffs/Counter-Defendants CENTERLINE HOUSING PARTNERSHIP I, L.P. – SERIES 2 and RCHP SLP I L.P. – SERIES 2, and Counter-Defendant ALDEN TORCH FINANCIAL LLC

## I. INTRODUCTION

Throughout this litigation the General Partners[1] have repeatedly attacked the Limited Partners[2] and their manager, Alden Torch Financial LLC ("Alden Torch") in an effort to distract the Court from their own misconduct (*i.e.*, assigning to a for-profit entity—Palm—a valuable right that, as a matter of both federal and contractual law, could only be held by Palm's nonprofit partner, HCA). Specifically, relying on the pejorative term "aggregator" that was coined by their litigation counsel, the General Partners improperly seek to impugn Alden Torch's reputation and commitment to affordable housing and the low-income housing tax credit ("LIHTC") program. (*See, e.g.*, ECF No. 17 (Answer & Counterclaims) at ¶¶ 69-75.) The General Partners falsely accuse Alden Torch and its alleged affiliates of conduct—including constitutionally protected litigation conduct—that the General Partners erroneously ascribe to a "larger, nationwide trend causing peril to the LIHTC program" (ECF No. 33 at 9; *see also* ECF No. 17 at ¶ 74 (criticizing litigation conduct by alleged Alden Torch affiliate); ECF No. 33 at 9-10 (same); ECF No. 36 at 9, 13 (same); ECF No. 55 at 16, 19-20 (same); ECF No. 59 at 7-8 (same)) notwithstanding the *substantial* capital contributions that Alden Torch and its predecessors have committed to promote affordable housing nationwide.

These criticisms of Alden Torch are not only inaccurate, unwarranted, and unfairly prejudicial, they are also completely irrelevant to the issues presented in this case, which relates only to the Frederick and 52 II Limited Partnership (the "Partnership") and the parties' respective rights and duties under the Partnership's Amended and Restated Agreement of Limited Partnership (the "LPA") and the related Option Agreement and Right of First Refusal (the "Option and ROFR Agreement").[3]

---

[1] Defendants/Counterclaimants Palm Communities, f/k/a Palm Desert Development Company ("Palm") and Housing Corporation of America ("HCA" and, collectively with Palm, the "General Partners").

[2] Plaintiffs/Counter-Defendants Centerline Housing Partnership I, L.P. – Series 2, f/k/a Related Capital Housing Partnership I, L.P. – Series 2 and RCHP SLP I L.P. – Series 2.

[3] Plaintiffs/Counter-Defendants respectfully request that the Court enter without

For these reasons, explained further below, Plaintiffs/Counter-Defendants respectfully request that the Court enter an order excluding evidence purporting to disparage Alden Torch for activities that do not relate to this action and/or referring to Alden Torch as a so-called "aggregator," as well as evidence of other litigation in which Alden Torch or its alleged affiliates and/or predecessors are or have been involved.

## II.     ARGUMENT

"Aggregator" in the LIHTC context is a pejorative term that—as demonstrated by the unfair and one-sided articles cited by the General Partners in pleadings filed in this case—was contrived and propagated by the General Partners' litigation counsel. (*See, e.g.*, ECF No. 17 (Answer & Counterclaims) at ¶ 70 (citing *Nonprofit Transfer Disputes in the Low Income Housing Tax Credit Program: An Emerging Threat to Affordable Housing*, p. 5 & n.26 (September 2019) (citing David Davenport); Brandon Duong, Losing Nonprofit Control of Tax Credit Housing?, SHELTERFORCE, Oct. 16, 2020 (quoting David Davenport)); ECF No. 33 (Opp. to Mot. to Dismiss) at 9 n.7 (citing Peter J. Reilly, *After The Low Income Housing Tax Credits Are Done Investors Want More*, FORBES, Jan. 13, 2021 (quoting David Davenport)).)  According to the General Partners, Alden Torch and other so-called "aggregators" acquire limited partner interests in LIHTC partnerships and then "seek[] to undermine the post-Compliance Period transfer rights the original parties agreed to at or near the start of the Compliance Period, in order to extract additional profits to the detriment of the general partner(s) and underlying residents in the affordable housing communities." (ECF No. 17 (Answer & Counterclaims) at ¶ 74.)  The General Partners, moreover, purport to substantiate these false accusations by mischaracterizing litigation conduct by Alden Torch affiliates in various other lawsuits involving partnerships and properties that have no connection whatsoever to the Partnership. (*See, e.g.*, ECF No. 33 at 9 (citing and

---

modification its Tentative Order Regarding Plaintiffs/Counter-Defendants' Motion for Partial Summary Judgment, which would eliminate the need for a trial on any issue except the Limited Partners' damages as a result of Palm's breaches of fiduciary duties.

misdescribing unrelated litigation involving properties that have no connection to the Partnership and are not even located in California).)

Evidence that purports to disparage Alden Torch as a so-called "aggregator," including evidence of *unrelated* litigation in which Alden Torch or its affiliates and/or predecessors are or have been involved, is completely irrelevant to the claims and defenses at issue and should be excluded. Fed.R.Evid. 401, 402. While the General Partners falsely allege that the Limited Partners in this case are attempting to seek benefits to which they are not entitled in derogation of the LIHTC program, the resolution of those allegations will depend on evidence relating to the Limited Partners' actual conduct and the plain language of the LPA and Option and ROFR Agreement that govern the parties' relationship—*not* evidence regarding *unrelated* LIHTC partnerships between *other* parties and governed by *different* agreements.

In addition to having no probative value, evidence that purports to disparage Alden Torch based, *inter alia*, on constitutionally protected litigation conduct[4] is also unfairly prejudicial. Fed.R.Evid. 403; *see also In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (granting motion in limine and finding that "reference to or evidence of Plaintiff's involvement in other litigation prior to this Action is also irrelevant and carries with it a high risk of prejudice"); *Sugar Ass'n, Inc. v. McNeil-PPC, Inc.*, No. CV 04-10077 DSF(RZX), 2008 WL 4755611, at *2 (C.D. Cal. Jan. 7, 2008) (excluding evidence of other litigation involving defendant as irrelevant and, even if "marginally relevant," as unfairly prejudicial). Smearing Alden Torch as a supposedly nefarious "aggregator" is a transparent effort to turn the Court against Plaintiffs/Counter-Defendants while distracting from the General Partners' own misconduct, including Palm's improper

---

[4] *See Cal. Motor Transp. Co. v. Trucking Unltd.*, 404 U.S. 508, 510-11 (1972) (recognizing that the First Amendment right "to petition the Government for a redress of grievances" extends to all branches of the government and includes the specific right to access and litigate in the courts); *see also Ringgold-Lockhart v. Cty. of LA*, 761 F.3d 1057, 1061 (9th Cir. 2014) (same).

efforts to enrich itself at the expense of its partners and the Partnership in breach of its fiduciary duties. The Court should not countenance this inappropriate litigation strategy.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs/Counter-Defendants respectfully request that the Court exclude evidence purporting to disparage Alden Torch for activities that do not relate to this action and/or referring to Alden Torch as a so-called "aggregator," as well as evidence of other litigation in which Alden Torch or its affiliates and/or predecessors are or have been involved.

DATED: January 10, 2022

KING & SPALDING LLP
ERIC S. PETTIT
CRAIG H. BESSENGER
JEFFREY M. HAMMER

By: */s/Eric S. Pettit*
　　　ERIC S. PETTIT
Attorneys for Plaintiffs/Counter-Defendants CENTERLINE HOUSING PARTNERSHIP I, L.P. – SERIES 2 and RCHP SLP I L.P. – SERIES 2, and Counter-Defendant ALDEN TORCH FINANCIAL LLC